## NORBECK & NICHOLSON CO. v. MALLOCK.

Plaintiff agreed to dig an artesian well for defendant, which upon completion proved unsatisfactory to defendant, whereupon plaintiff, with defendant's consent, dug a second well in place of the first, which was immediately abandoned upon the commencement of the second.  **Held**, in an action for digging the second well, that it was error to permit defendant to show the defects claimed by him to exist in the construction of the first.

In an action for digging an artesian well the flow of which was not guaranteed by plaintiff except on such altitudes as flow could be obtained, it was error to permit defendant to show the comparative flow of other wells within a radius of four or five miles, for, without specification as to quantity, the contract was fulfilled, though the flow may have been scant as compared with other wells.

Corson, J., dissenting in part.

(Opinion filed, July 8, 1910.)

Appeal from Circuit Court, Sully County.    Hon. LYMAN T. BOUCHER, Judge.

Action by the Norbeck & Nicholson Company against Charles K. Mallock.    Judgement for defendant, and plaintiff appeals.    Reversed, and a new trial ordered.

*Sterling & Clark,* for appellant.    *Gaffy & Stephens,* for respondent.

McCOY, J.    This action was commenced to recover the sum of $800 as the contract price for constructing an artesian well by plaintiff for defendant.    There was a verdict and judgment in favor of the defendant in the circuit court, and the plaintiff, appellant, has brought the cause to this court, alleging various errors to have occurred on the trial.

Under the terms of the written contract between plaintiff and defendant, the plaintiff was to drill said well to a full artesian flow, and the striking of quartzite or granite should be considered proof of sufficient depth to fill the contract, and the plaintiff did not guarantee the flow of such well except on such altitudes as flow can be obtained.    It was also provided by said contract that said well should be piped with standard two-inch pipe to a depth of 1,200 feet to shale or deeper if deemed necessary by plaintiff, and to be piped from there into the water with one and one-quarter inch pipe.    It appears from the evidence that plaintiff under said contract drilled a well upon the premises of defendant and completed the same during the month of December, 1906, but that said well was unsatisfactory to defendant, who refused to pay for the same, and that therafter the plaintiff drilled a second well, with the consent of defendant, as a substitute and in place of the first well for the purpose of fulfilling the contract to the satisfaction of defendant, the first well being immediately abandoned and closed

up at the time of the commencement of the construction of the second well. The plaintiff brought suit to recover for the drilling of the second well which was completed on the 5th day of March, 1907, no part of plaintiff's action being based upon or claimed by reason of the drilling of the first well. On the trial defendant was permitted, over proper objections of plaintiff, to fully detail the construction and defects claimed by defendant to exist in the construction of the first well. This ruling of the court the plaintiff assigns as error on the ground that the same was irrelevant, incompetent, and immaterial, and not within the issues of this action, and which evidence had a tendency to mislead the jury to the prejudice of plaintiff. In this contention we are of the opinion that the plaintiff is right. The manner of construction of the first well, after the defendant consented to permit plaintiff to drill a second well in the place of the first, became wholly immaterial, and was wholly without the issues presented by the pleadings. The evidence in relation to the construction of the first well, being foreign to the issues, could have no other effect than to mislead the jury to plaintiff's prejudice.

Evidence was also admitted over proper objections of plaintiff as to the comparative flow of water of a number of other artesian wells of other parties within a radius of some four or five miles of the well in question. This character of evidence was also objected to by plaintiff and the objection overruled, to which ruling plaintiff excepted and now urges such ruling as error. We are also of the opinion that, under the contract, the admission of such testimony was predudicial error. It will be observed that, by the terms of the contract, the plaintiff did not guarantee the flow of such well except of such altitudes where a flow could be obtained. The evidence in this case on the part of the defendant as well as on the part of the plaintiff conclusively shows that said well is a flowing well. The evidence of defendant shows that it takes said well eight minutes to fill a three-gallon pail. Nevertheless it is a flowing well. There is nothing whatever in the terms of said contract by which plaintiff guaranteed the amount of quantity of the flow, as compared with other wells. Whether said well should furnish a fair average flow or an abundant or scant flow was not

provided by the terms of the contract. We take it as a matter of common knowledge that the quantity of water flowing from an artesian well may depend upon the formation of the water-bearing rock as well as upon the construction of the well itself, and where a contractor guarantees to procure a flow of water, without specification as to quantity, the contract is fulfilled, although the flow may be scant as compared with other wells, and such contractor would be entitled to recover the contract price, unless it be shown that the scantiness of the flow was due solely to some defect of construction of the well. What other wells in the same neighborhood might flow, where there is no showing as to the character of the water-bearing rock, would have no possible tendency to show that the well in question was defectively constructed.

The judgment of the circuit court is reversed, and a new trial ordered.

HANEY, J. I concur only in the conclusion that the judgment should be reversed and a new trial ordered.

CORSON, J. I concur in the conclusion as to the first error discussed, but dissent from the other positions taken by the majority of the court.